LONDON & MEAD
ATTORNEYS AT LAW

1225 19TH STREET, N.W.
SUITE 320
WASHINGTON, DC 20036

TELEPHONE (202) 331-3334 Ex. 202
TELEFAX (202) 785-4280
CMEAD@LONDONANDMEAD.COM

December 23, 2015

The Honorable Deborah K. Chasanow
The District Court for the District of Maryland
Greenbelt (Southern) Division
6500 Cherrywood Lane
Greenbelt, MD 20770
(by email: regular mail to follow)

      Re:    <u>United States v. David DiPaolo</u>, Case No.: DKC 14-0046

Dear Judge Chasanow,

      The Court has appointed me as counsel to David DiPaolo "for the limited purpose of advising Mr. DiPaolo concerning his request to waive counsel and proceed to trial pro se and assisting him in presenting information to the court in support of his request." Before meeting with Mr. DiPaolo, I spoke to his current counsel and government counsel, and spoke at length with his father, mother, and sister. On November 25, I met with Mr. DiPaolo at the Chesapeake Detention Center for over two hours. I did not leave until Mr. DiPaolo assured me that we had discussed everything that he wanted to discuss. Since that meeting I have received numerous letters from Mr. DiPaolo, and have reviewed letters he has sent to the Court. I have also reviewed the latest psychological evaluations of Mr. DiPaolo and the transcript of his competency hearing before the Court.

      Although my representation is not over, and I will continue to represent Mr. DiPaolo, I have begun the process of following the Court's direction to advise Mr. DiPaolo about his request to waive counsel. Mr. DiPaolo has given me clear instructions, orally and in writing, and those instructions have not changed. He has authorized me to waive the attorney-client privilege for the limited purpose of providing my personal opinion about his understanding of his rights and court proceedings. I am not a mental health professional. I am a lawyer obligated to zealously represent my client and follow his directions, to the extent those directions do not violate other ethical obligations. Based on my interactions with Mr. DiPaolo, I have concluded that carrying out my client's wishes does not conflict with any other ethical obligations, regardless of my personal opinions about whether any criminal defendant facing serious charges should proceed *pro se*.

      Mr. DiPaolo's strong desire to represent himself extends to his desire to ask the Court that he be allowed to proceed *pro se*. Accordingly, I do not believe that I should file a motion on

LONDON & MEAD
ATTORNEYS AT LAW

Judge Chasanow
December 23, 2015
Page 2

Mr. DiPaolo's behalf asking that he be allowed to represent himself. Mr. DiPaolo wants to make request to the Court himself. Instead, at Mr. DiPaolo's request, and consistent with the Court's appointment, I have asked for a hearing on January 14, 2016 so that Mr. DiPaolo may act on his behalf and seek leave to proceed *pro se*. I will provide Mr. DiPaolo whatever assistance I can during that hearing.

This is a difficult circumstance for all counsel. I have no doubt that Ms. Bauer and Mr. Citaramanis have Mr. DiPaolo's best interests at heart. They have represented him vigorously and well. I hope that Mr. DiPaolo will find a way to listen to their wise counsel.

Very truly yours,

Christopher B. Mead

cc: counsel or record (by email)
David DiPaolo (by regular mail)